UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| THE ESTATE OF BRIAN KEITH ALLEN, by its Executor, SUSAN K. WRIGHTSMAN, and ELLA MAE ALLEN, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | 1:08-cv-0774-SEB-TAB |
| CCA OF TENNESSEE, LLC d/b/a CORRECTIONS CORPORATION OF AMERICA, NEIL PROBST, TIMOTHY LITTLE, and MARION COUNTY SHERIFF FRANK ANDERSON, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION ON DEFENDANT SHERIFF ANDERSON'S MOTION FOR JUDGMENT ON THE PLEADINGS AND MOTION TO DISMISS**

**I.    Introduction.**

Brian Keith Allen collapsed while confined at Marion County Jail II and died several days later. Marion County Jail II is operated by Corrections Corporation of American ("CCA") under contract with Sheriff Anderson. [Docket No. 30 at ¶ 10; Docket No. 13 at ¶ 11.] Plaintiffs claim that Allen's death was "directly due to the failure of medical staff at CCA to regularly provide Allen with high blood pressure medication and the failure to monitor and control his high blood pressure." [Docket No. 30 at ¶ 29.] Plaintiffs further claim that Defendant Sheriff Anderson is legally responsible for Allen's death "because he had a duty to supervise the contract the Sheriff's Office had with CCA for the operation of Jail #2, including providing inmates with proper medical care." [Docket No. 30 at ¶ 32.]

Sheriff Anderson filed a motion for judgment on the pleadings under Rule 12(c)[1] [Docket No. 21] and a motion to dismiss under Rule 12(b)(6) [Docket No. 42], the substance of which overlap. Sheriff Anderson contends that: (1) the federal claims should be dismissed because of insufficient pleading [Docket No. 42 at 1; Docket No. 21 at 1]; and (2) the state tort claims should be dismissed because Plaintiffs failed to satisfy the notice requirement of the Indiana Tort Claims Act. [Docket No. 21 at 1.] Plaintiffs respond: (1) the federal claims have been sufficiently pleaded [Docket No. 46 at 2-4; Docket No. 23 at 2]; and (2) compliance with the notice requirements of the Indiana Tort Claims Act need not be pleaded. [Docket No. 23 at 2.] The Magistrate Judge recommends that Defendant's motions be denied.

## II. Discussion.

"A motion under Rule 12(c) is subject to the same standard as a motion to dismiss under [Rule 12(b)(6)]." *Craigs, Inc. v. General Elec. Capital Corp.*, 12 F.3d 686, 688 (7th Cir. 1993); *see also R.J. Corman Derailment Servs., LLC v. Int'l Union of Operating Eng'rs, Local Union 150*, 335 F.3d 643, 647 (7th Cir. 2003); *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 449, 452 (7th Cir. 1998). The Court views the allegations "in the light most favorable to the non-moving party." *R.J. Cormam.*, 335 F.3d at 647. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)).

---

[1] The Rule 12(c) motion was directed at the original complaint, and Plaintiffs have since filed an amended complaint. To the extent that deficiencies remain in the amended complaint, the Court applies the Rule 12(c) motion to the amended complaint. *See Cable v. Correctional Med. Servs., Inc*., No. 1:08-cv-1251-DFH-TAB, 2009 WL 196386 at *1 (S.D. Ind. 2009); *Jordan v. City of Philadelphia,* 66 F. Supp 2d 638, 641 (E.D. Pa. 1999).

2

A.      **Eighth Amendment Claim.**

Plaintiffs claim that Sheriff Anderson, acting in his individual capacity [Docket No. 38], violated the Eighth Amendment to the United States Constitution.[2] [Docket No. 30 at ¶ 41.] "Prison officials violate the Eighth Amendment's proscription against cruel and unusual punishment when they display 'deliberate indifference to serious medical needs of prisoners.'" *Greeno v. Daley*, 414 F.3d 645, 652- 53 (7th Cir. 2005) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104 (1976)).  The standard "is not coterminous with a medical malpractice claim." *Forbes v. Edgar*, 112 F.3d 262, 266 (7th Cir. 1997).  A prison official is not liable "'unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.'" *Pinkston v. Madry*, 440 F.3d 879, 892 (7th Cir. 2006) (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  However, a supervisor is not liable for the actions of their subordinates. *Iqbal,* 129 S. Ct. at 1949 ("In a § 1983 suit or a *Bivens* action—where masters do not answer for the torts of their servants—the term 'supervisory liability' is a misnomer.").  "Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct." *Id.*

Sheriff Anderson argues that the individual capacity claim should be dismissed because

---

[2] Plaintiffs claim that Sheriff Anderson violated the Eighth and Fourteenth Amendments to the United States Constitution.  [Docket No. 30 at ¶¶ 41-42.]  The Eighth Amendment generally protects convicted prisoners while the Fourteenth Amendment protects pretrial detainees.  *Board v. Farnham*, 394 F.3d 469, 477-78 (7th Cir. 2005).  Allen was a convicted prisoner.  [Docket No. 30 at ¶ 41].  The Seventh Circuit has "held that § 1983 claims brought under the Fourteenth Amendment are to be analyzed under the Eighth Amendment test." *Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999); *see also Grieveson v. Anderson*, 538 F.3d 763, 771-72 (7th Cir. 2008).  Accordingly, the analysis is the same for both claims and the Court need only address the Eighth Amendment claim.

the amended complaint does not satisfy the new pleading standard set forth in *Ashcroft v. Iqbal,* 129 S. Ct. 1937 (2009). [Docket No. 43 at 1.] Plaintiffs respond that *Iqbal* does not set forth a new pleading standard, and the amended complaint satisfies the pleading requirement of Federal Rule of Civil Procedure 8. [Docket No. 46 at 2.] Plaintiffs also suggest that *Iqbal* is distinguishable from the case at bar. [Docket No. 46 at 2-3.]

The parties' focus on *Iqbal* is justified. In *Iqbal,* the United States Supreme Court reiterated what is necessary to survive a motion to dismiss in federal court as laid out in *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007). Litigants, including those in this case, have disagreed about the scope of *Twombly*. [Docket No. 22 at 2-4.] Parties moving for dismissal have argued that *Twombly* created a heightened pleading standard in all civil cases, while parties opposing dismissal have countered that *Twombly*—an antitrust case—applies only in cases of that ilk. *See Iqbal,* 129 S. Ct. at 1953. *Iqbal* settles this question: *Twombly* applies to all civil cases. *Id.* at 1953 (quoting Fed. R. Civ. P. 1) ("Our decision in *Twombly* expounded the pleading standard for *all civil actions*.") (internal quotations omitted) (emphasis added).

*Twombly* and *Iqbal* now provide a two-prong analysis for courts deciding a motion to dismiss. First, the court "identif[ies] the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. "[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 1950. However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity." *Id.* Second, considering the well-pleaded, non-conclusory allegations, the court must decide if the complaint nudges the likelihood of success "across the line from conceivable to plausible." *Id*. at 1951 (citing *Twombly,* 550 U.S. at

4

570) (internal quotations omitted). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Hecker v. Deere & Co.*, Nos. 07-3605, 08-1224, 2009 WL 1797441 at *2 (7th Cir. June 24, 2009) (quoting *Iqbal,* 129 S. Ct. at 1949).

In the case at bar, some allegations in the complaint are conclusory and not entitled to the assumption of truth. For example, Plaintiffs claim that "Defendants were deliberately indifferent to the failure of CCA to provide Brian Keith Allen with proper medical care." [Docket No. 30 at ¶ 34.] This allegation is conclusory because it is nothing more than a "bare assertion[]" or a "formulaic recitation of the elements" of an Eighth Amendment claim. *Iqbal*, 129 S. Ct. at 1951 (citing *Twombly*, 550 U.S. at 555). Furthermore, this allegation is conclusory because "a defendant seeking to respond . . . would have little idea where to begin." *Twombly*, 550 U.S. at 565 n.10. Therefore, under *Iqbal* and *Twombly*, this allegation is not entitled to the assumption of truth.

However, not all of Plaintiffs' allegations are conclusory. Plaintiffs allege that Allen had a history of high blood pressure, but was not regularly provided his high blood pressure medication while in jail. [Docket No. 30 at ¶¶ 11-12.] Plaintiffs also allege that Allen's death was the direct result of the CCA medical staff's failure to regularly give Allen his medicine and monitor his hypertension. [Docket No. 30 at ¶ 29.] With regard to Sheriff Anderson's involvement, Plaintiffs allege that Anderson had "knowledge of the substandard medical care provided to inmates at Jail #2 by CCA, yet he remained indifferent to the medical needs of inmates at the facility, including the needs of Brian Keith Allen resulting in his death." [Docket No. 30 at ¶ 36.] Plaintiffs have gone beyond providing mere "legal conclusions," and have

5

instead provided "sufficient factual matter." *Iqbal*, 129 S. Ct. at 1949. Thus, these allegations are well pleaded, and the Court assumes their veracity. *Id.* at 1950.

Considering these well-pleaded allegations, Plaintiffs have nudged the likelihood of success "across the line from conceivable to plausible." *Id*. at 1951 (citing *Twombly,* 550 U.S. at 570). According to Plaintiffs' well-pleaded facts, Sheriff Anderson did nothing despite knowing that inmates at the jail, including Allen, were not regularly receiving adequate medical attention, and that Allen died as a result. Under this version of the facts it is plausible, not just conceivable, that Anderson knew of an excessive risk to Allen's health and disregarded it in violation of the Eighth Amendment. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (finding plaintiff to have stated an Eighth Amendment claim where prison officers knew that the prisoner had a serious medical condition and was not receiving his medication, and the prisoner subsequently suffered a serious injury).

Sheriff Anderson argues that Plaintiffs improperly use a theory of supervisory liability. [Docket No. 43 at 7-8.] Plaintiffs claim Sheriff Anderson is "legally responsible because he had a duty to *supervise* the contract the Sheriff's Office had with CCA." [Docket No. 30 at ¶ 32 (emphasis added).] Plaintiffs also claim Sheriff Anderson "fail[ed] to *monitor* and enforce provisions in the CCA-Sheriff contract requiring CCA to provide proper medical care at the facility." [Docket No. 30 at ¶ 37 (emphasis added).] Anderson argues that these allegations attempt to hold him liable not for his own misconduct, but for the misconduct of another. *Iqbal,* 129 S. Ct. at 1949. Anderson contends that holding him liable for his failure to monitor and failure to supervise seeks to impose liability for his "superintendent responsibilities," which is prohibited under *Iqbal*. *Id.*

6

However, Plaintiffs do not rely solely on a theory of supervisory liability. Plaintiffs allege that Sheriff Anderson had "knowledge of the substandard medical care provided to inmates at Jail #2 by CCA, yet he remained indifferent to the medical needs of inmates at the facility, including the needs of Brian Keith Allen resulting in his death." [Docket No. 30 at ¶ 36.] With this allegation Plaintiffs do not rely on a theory of supervisory liability. Instead, by alleging that Sheriff Anderson did nothing despite knowing that Allen and others were not receiving necessary medical attention, Plaintiffs attempt to hold Sheriff Anderson liable for his own conduct, not the misconduct of his subordinates. *See Reed v. McBride*, 178 F.3d 849, 852 (7th Cir. 1999) (quoting *Vance v. Peters*, 97 F.3d 987, 992-93 (7th Cir. 1996)) (stating that supervisors cannot be liable under a *respondeat superior* theory, but recognizing that "liability [may attach] when [a] supervisor knows about conduct and 'approves it, condones it or turns a blind eye'"); *Kernats v. O'Sullivan*, 35 F.3d 1171, 1182 (7th Cir. 1994) ("Supervisory liability may attach, however, where a supervisor, with knowledge of a subordinate's conduct, approves of the conduct and the basis for it."). Thus, Plaintiffs are not improperly relying upon supervisory liability.

Sheriff Anderson also contends dismissal is appropriate because he is protected by qualified immunity. [Docket No. 43 at 11-14.] Plaintiffs respond that qualified immunity "does not permit the Sheriff to simply delegate a service for which he is legally responsible to provide and then turn a blind eye to how that service is provided." [Docket No. 46 at 8.]

A defendant is protected by qualified immunity unless: (1) the facts that a plaintiff has alleged make out a violation of a constitutional right; and (2) that constitutional right was clearly established at the time of the misconduct. *Pearson v. Callahan*, 129 S. Ct. 808, 815-16 (2009).

Thus, qualified immunity is not absolute. *Khorrami v. Rolince*, 539 F.3d 782, 787 (7th Cir. 2008) (rejecting the argument that "qualified immunity is the right to be free from all burdens of litigation" as "go[ing] too far"). Instead, "[q]ualified immunity is the right to be free at the earliest point at which the court can be sure that the government official's conduct did not violate clearly established statutory or constitutional rights." *Id.* Applying these principles and recognizing that a court may be unable to resolve a qualified immunity issue at the very early stages of a case, the Seventh Circuit approved of "explicitly set[ting] the [qualified immunity] claim aside to be adjudicated later." *Id.* at 786-90 (denying the right to an interlocutory appeal, finding no irreparable harm where a district court declined to rule on a qualified immunity motion because the motion was "premature," and stating that "the lack of a ruling from the district court under these circumstances is not the functional equivalent of a denial of the motion").

Plaintiffs have alleged facts that make out a violation of a constitutional right. Plaintiffs allege that Anderson did absolutely nothing despite knowing that inmates at the jail, including Allen, were not regularly receiving adequate medical attention, and that Allen died as a result of Anderson's inaction. [Docket No. 30 at ¶ 36.] If true and depending on the extent, if any, of his involvement, Sheriff Anderson may have violated a clearly established constitutional right. *Wynn v. Southward*, 251 F.3d 588, 594 (7th Cir. 2001) (finding that plaintiff stated an Eighth Amendment claim when prison officials ignored a prisoner's request for his heart medication).

Accordingly, at this point, it cannot be definitively stated that qualified immunity protects Sheriff Anderson. Thus, Sheriff Anderson's motions with respect to Plaintiffs' Eighth Amendment claim against Anderson in his individual capacity should be denied without

prejudice, subject to being revisited if supported by the evidence.[3]

   B.   **Tort Claims**.

Sheriff Anderson argues that the state tort claims should be dismissed because "Plaintiffs have failed to file the requisite notice of tort claim" contained in the Indiana Tort Claims Act ("ITCA"). [Docket No. 22 at 5.] Rather than state whether they have complied with the notice requirement, Plaintiffs instead respond that they "need not plead compliance with the notice of tort claim requirement." [Docket No. 23 at 2.]

"Once the defendant raises failure to comply with the ITCA's notice requirements as an affirmative defense, the burden shifts to the plaintiff to prove compliance." *Davidson v. Perron*, 716 N.E.2d 29, 34 (Ind. Ct. App. 1999); *see also City of Indianapolis v. Satz*, 377 N.E.2d 623, 625 (Ind. 1978) ("The trial court must make the determination of whether proper notice was given and must do so prior to trial."). Sheriff Anderson has raised this affirmative defense in his answer [Docket No. 13 at 7], and Plaintiffs have not proved compliance. If Plaintiffs "cannot allege that [they have complied with the ITCA], there is no point in prolonging these claims." *Cable v. Correctional Med. Servs., Inc.*, No. 1:08-cv-1251-DFH-TAB, 2009 WL 196386 at *1 (S.D. Ind. Jan. 27, 2009).

However, this issue is moot because Plaintiffs have abandoned their tort claims against Sheriff Anderson in the amended complaint, which makes no mention of him in the counts outlining the three tort claims. [Docket No. 30 at ¶¶ 38-40.] Therefore, the Magistrate Judge

---

[3] Plaintiffs are also suing Sheriff Anderson in his official capacity. [Docket No. 38.] Initially Anderson moved for dismissal of the official capacity claim [Docket No. 42 at 1], but has since "withdraw[n] his challenge to Plaintiffs' *Monell* claim." [Docket No. 49 at 9.] Therefore, the Magistrate Judge recommends that Plaintiffs' Eighth Amendment claim against Sheriff Anderson in his official capacity survive these motions.

9

recommends that Sheriff Anderson's Rule 12(c) motion seeking dismissal of Plaintiffs' state tort claims for failure to file the requisite notice be denied as moot.[4]

### C. Sanctions.

Plaintiffs "request that the court sanction [Sheriff Anderson] with an award of $1,500 in attorney's fees, payable to Plaintiffs' law firm Roberts & Bishop, for time involved in preparing [their] response to [Sheriff Anderson's] lengthy Motion to Dismiss." [Docket No. 46 at 9.] Plaintiffs claim the award is justified because "Sheriff's counsel is simply filing these lengthy and frivolous pleading challenges to harass and drive up the cost of litigation." [Docket No. 46 at 9.] Sheriff Anderson's motions were not without merit. Subsequent to Sheriff Anderson's motion for judgment on the pleadings, Plaintiffs amended their complaint to add a contract claim and to exclude Sheriff Anderson from the tort claims, two issues that were raised in the motion for judgment on the pleadings. Given *Iqbal's* relevance to the case at bar, Sheriff Anderson's motion to dismiss was certainly plausible although not ultimately successful. In short, even though the motions have been denied, they have helped clarify the issues in this case. Accordingly, Plaintiffs' request for sanctions should be denied.

## III. Conclusion.

The Magistrate Judge recommends that Defendant Sheriff Anderson's Rule 12(c) and 12(b)(6) motions [Docket Nos. 21, 42] be denied, and that Plaintiffs' request for sanctions [Docket No. 46] be denied. Any objections to the Magistrate Judge's Report and

---

[4] Plaintiffs' amended complaint adds a contract claim. [Docket No. 30 at ¶ 44.] In his Rule 12(c) motion, which was filed before the amended complaint, Sheriff Anderson does not move for dismissal of the state contract claim. Sheriff Anderson's Rule 12(b)(6) motion, aimed only at the federal claims, does not address the state contract claim. Thus, Sheriff Anderson has not yet moved the Court to dismiss this claim. Accordingly, the state contract claim that Plaintiffs raise in their amended complaint survives these motions.

Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1), and failure to file timely objections within the ten days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 07/14/2009

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Copies to:

William A. Hahn
BARNES & THORNBURG LLP
william.hahn@btlaw.com

Adam Lenkowsky
ROBERTS & BISHOP
alenkowsky@roberts-bishop.com

Jonathan Lamont Mayes
CITY OF INDIANAPOLIS, CORPORATION COUNSEL
jmayes@indygov.org

Paul K. Ogden
ROBERTS & BISHOP
pogden@roberts-bishop.com

Kenneth T. Roberts
ROBERTS & BISHOP
ktrobatty@aol.com

Tasha Rebecca Roberts
ROBERTS AND BISHOP
troberts@roberts-bishop.com

Michael Rosiello
BARNES & THORNBURG LLP
mike.rosiello@btlaw.com